ELECTRONICALLY FILED
4/12/2017 10:43 AM
70-CV-2017-900042.00
CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
PATRICK CRADDOCK, CLERK

# IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA
## ALEXANDER CITY DIVISION

DONALD DWAYNE HARDMAN, as )
personal representative of the ESTATE )
OF BRANDY LEE HARDMAN, )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　)
v. ) CASE NO.: _____
　　　　　　　　　　　　　　　　　　　　)
THE SOUTHEAST PERMANENTE )
MEDICAL GROUP, INC.; MALCOLM )
THOMAS SIMPSON, M.D., an individual; )
Fictitious Parties Defendant No. 1, whether )
singular or plural, that certain person or )
persons, entity or entities, who or which )
employed Defendant Malcolm Thomas )
Simpson, M.D. during the time period )
relevant to this cause; Fictitious Parties )
Defendant No. 2, whether singular or )
plural, that certain person or persons, )
entity or entities, whose negligence in any )
way caused the collision made the basis of )
this suit; Fictitious Parties Defendant No. )
3, whether singular or plural, that certain )
person or persons, group or groups who or )
which certified that Michael Lewis )
Hawkins was physically fit and qualified to )
obtain or retain a commercial driver's )
license (CDL). Plaintiff avers that the )
identities of the Fictitious Parties )
Defendant herein are otherwise not known )
to the Plaintiff at this time, or if their )
names are known to the Plaintiff, their )
identities as proper parties defendant are )
not known to Plaintiff at this time, and )
their true names will be substituted by )
amendment when ascertained, )
　　　　　　　　　　　　　　　　　　　　)
　　　Defendants. )

## PLAINTIFF'S INITIAL COMPLAINT

1. The Plaintiff, Donald Dwayne Hardman, is a natural person over the age of nineteen years and is a resident citizen of Alexander City, in Tallapoosa County, Alabama. The Plaintiff is the widower of Brandy Lee Hardman, deceased, and is the duly appointed Personal Representative of the Estate of Brandy Lee Hardman, which is being administered in the Probate Court of Tallapoosa County.

2. The Defendant, Malcolm Thomas Simpson, M.D. (hereinafter referred to as "Defendant Simpson"), is a natural person over the age of nineteen years and is a licensed medical doctor.

3. The Defendant, Southeast Permanente Medical Group, Inc. (hereinafter referred to as "Defendant Southeast Permanente"), is a foreign corporation headquartered in Atlanta, Georgia. Upon information and belief, Southeast Permanente is a large multi-specialty medical group providing physicians in a large portion of Georgia, listing its service as a 28-county area of metro-Atlanta. Upon information and belief, Defendant Simpson is a physician in the Southeast Permanente group and/or an employee and agent thereof.

4. Fictitious Parties Defendant No. 1, whether singular or plural, is that certain person or persons, entity or entities, who or which employed Defendant Malcolm Thomas Simpson, M.D. during the time period relevant to this cause.

5. Fictitious Parties Defendant No. 2, whether singular or plural, is that certain person or persons, entity or entities, whose negligence in any way caused the collision made the basis of

this suit.

6. Fictitious Parties Defendant No. 3, whether singular or plural, is that certain person or persons, group or groups who or which certified that Michael Lewis Hawkins was physically fit and qualified to obtain or retain a commercial driver's license (CDL).

**FACTS:**

7. Plaintiff reavers and realleges all of the preceding allegations in this Complaint as if set out fully herein.

8. Neither the Plaintiff nor the deceased were patients of Dr. Simpson.

9. Michael Lewis Hawkins is a patient of Dr. Simpson. Michael Lewis Hawkins is an interstate commercial truck driver who requires a commercial driver's license to operate and drive for his two-man trucking company, Hawkins Brothers, L.L.C. As such, he and his trucking company are governed by the U.S. Department of Transportation (DOT).

10. In order to maintain his commercial driver's license, Mr. Hawkins is required to undergo and pass an annual DOT physical examination administered by a certified medical examiner.

11. On April 29, 2016, Defendant Simpson purported to perform a DOT physical examination of Michael Lewis Hawkins and signed and executed a medical examiner's certificate, whereby he certified that he had examined Mr. Hawkins in accordance with applicable DOT safety regulations and that Mr. Hawkins was qualified to safely operate a commercial vehicle in interstate commerce in accordance with all applicable DOT regulations.

12. At the time of Mr. Hawkins' examination, Defendant Simpson had not been certified to perform a DOT physical examination, was not listed on the National Registry of Certified

Medical Examiners, and lacked the authority to properly perform a DOT compliant physical examination.

13. Mr. Hawkins lacked the visual, physical, and medical capability to satisfy the requirements of a DOT physical examination, and Defendant Simpson knew or should have known that Mr. Hawkins was not visually, physically, or medically capable of satisfying the requirements of a DOT physical examination, as Mr. Hawkins was and is an insulin-dependent diabetic patient who was not exempt from regulations prohibiting his maintaining a CDL.

14. On December 8, 2016, while Mr. Hawkins was driving a DOT regulated commercial tractor-trailer on U.S. Highway 280 in Alexander City, Alabama, his medical, physical, and visual deficiencies caused him to run a red stoplight so that his tractor-trailer crushed Mrs. Brandy Lee Hardman's vehicle as she was lawfully stopped and waiting on the traffic control device to turn green. These events occurred on the West side of the Tallapoosa River.

15. Mrs. Brandy Lee Hardman died as a result of the violent collision with Mr. Hawkins' tractor-trailer.

## COUNT ONE: NEGLIGENCE

16. Plaintiff reavers and realleges all of the preceding allegations in this Complaint as if set out fully herein.

17. Plaintiff alleges that his wife, Brandy Lee Hardman, was killed as a result of the negligent acts of Defendants Simpson, Southeast Permanente, and/or fictitious parties defendants 1 through 3.

18. Plaintiff alleges that Dr. Simpson had a duty to follow and adhere to all DOT regulations governing a purported DOT physical examination of Mr. Hawkins and owed a duty to

the motoring public to ensure that Mr. Hawkins was visually, physically, and medically able to safely operate a commercial vehicle in interstate commerce prior to issuing a Medical Examiner's Certificate as required by federal regulations.

19. Plaintiff also alleges that Defendant Simpson had a continuing duty throughout his care and treatment of Mr. Hawkins to ensure that Mr. Hawkins was visually, physically, and medically capable and qualified to operate a commercial vehicle.

20. Plaintiff alleges that Defendant Simpson breached all of these duties, thereby allowing Mr. Hawkins to drive a commercial vehicle when he was not visually, physically, or medically qualified to do so.

21. Because Mr. Hawkins was allowed to drive a commercial when he was not visually, physically, or medically qualified to do so, Plaintiff's wife, Brandy Lee Hardman, was killed.

22. Brandy Lee Hardman's death was the proximate result of Defendant Simpson's negligence in that the Defendant knew or should have known that failing and neglecting to follow and adhere to all DOT regulations governing Mr. Hawkins' DOT physical examination could result in allowing an unfit commercial driver on interstate highways to come in contact with other motorists, which in turn could result in a fatal accident.

23. Brandy Lee Hardman's death was the proximate result of Defendant Simpson's negligence in that the Defendant knew or should have known that allowing Mr. Hawkins to drive a commercial vehicle in interstate commerce when he was not visually, physically, or medically capable of doing so could result in a fatal accident.

24. As a proximate result of Defendant Simpson's said negligence, Mr. Hawkins was allowed to drive a commercial vehicle in interstate commerce when he was unfit to do so, causing

him to run a red stoplight and rear-end Mrs. Brandy Lee Hardman's vehicle as she was lawfully stopped in traffic.

25. As a proximate result of Defendant Simpson's said negligence, Mrs. Brandy Lee Hardman was killed.

26. Plaintiff alleges that at all times relevant to this cause of action, Defendant Simpson was acting within the line and scope of his employment as the agent, servant, and/or employee of Defendant Southeast Permanente, and thus Defendant Southeast Permanente is vicariously liable for Defendant Simpson's negligent conduct through the doctrine of *respondeat supeior*.

27. Plaintiff further alleges that the conduct of Defendant Simpson combined and concurred with the negligent and/or wanton acts of the other defendants to cause and result in fatal injuries to Brandy Lee Hardman. As a proximate consequence of the negligence of these defendants, Brandy Lee Hardman was killed

28. WHEREFORE, Plaintiff demands judgment against Defendants Simpson, Southeast Permanente, and/or fictitious parties defendants 1 through 3, in an amount to be determined by the jury that is just, mete and proper.

## COUNT TWO: WANTONNESS

29. Plaintiff reavers and realleges all of the preceding allegations in this Complaint as if set out fully herein.

30. Plaintiff alleges that his wife, Brandy Lee Hardman, was killed as a result of the wanton acts of Defendants Simpson, Southeast Permanente, and/or fictitious parties defendants 1 through 3.

31. Plaintiff alleges that Dr. Simpson had a duty to follow and adhere to all DOT

regulations governing a purported DOT physical examination of Mr. Hawkins and owed a duty to the motoring public to ensure that Mr. Hawkins was visually, physically, and medically able to safely operate a commercial vehicle in interstate commerce.

32. Plaintiff also alleges that Defendant Simpson had a continuing duty throughout his care and treatment of Mr. Hawkins to ensure that he was visually, physically and medically capable and qualified to operate a commercial vehicle.

33. Plaintiff alleges that Defendant Simpson breached all of these duties, thereby allowing Mr. Hawkins to drive a commercial vehicle when he was not visually, physically, or medically qualified to do so.

34. Because Mr. Hawkins was allowed to drive a commercial when he was not visually, physically, or medically qualified to do so, Plaintiff's wife, Brandy Lee Hardman, was killed.

35. Brandy Lee Hardman's death was the proximate result of Defendant Simpson's wantonness in that the Defendant knew or should have known that failing and neglecting to follow and adhere to all DOT regulations governing Mr. Hawkins' DOT physical examination could result in allowing an unfit commercial driver on interstate highways to come in contact with other motorists, which in turn could result in a fatal accident.

36. Brandy Lee Hardman's death was the proximate result of Defendant Simpson's wantnonness in that the Defendant knew or should have known that allowing Mr. Hawkins to drive a commercial vehicle in interstate commerce when he was not visually, physically or medically capable of doing so could result in a fatal accident.

37. As a proximate result of Defendant Simpson's said wantonness, Mr. Hawkins was allowed to drive a commercial vehicle in interstate commerce when he was unfit to do so, causing

him to run a red stoplight and rear-end Mrs. Brandy Lee Hardman's vehicle as she was lawfully stopped in traffic.

38. As a proximate result of Defendant Simpson's said wantonness, Mrs. Brandy Lee Hardman was killed.

39. Plaintiff alleges that at all times relevant to this cause of action, Defendant Simpson was acting within the line and scope of his employment as the agent, servant, and/or employee of Defendant Southeast Permanente, and thus Defendant Southeast Permanente is vicariously liable for Defendant Simpson's wanton conduct through the doctrine of *respondeat supeior.*

40. Plaintiff further alleges that the conduct of Defendant Simpson combined and concurred with the negligent and/or wanton acts of the other defendants to cause and result in fatal injuries to Brandy Lee Hardman. As a proximate consequence of the wantonness of these defendants, Brandy Lee Hardman was killed.

41. WHEREFORE, Plaintiff demands judgment against Defendants Simpson, Southeast Permanente, and/or fictitious parties defendants 1 through 3, in an amount to be determined by the jury that is just, mete and proper.

## COUNT THREE: NEGLIGENT SUPERVISION

42. Plaintiff reavers and realleges all of the preceding allegations in this Complaint as if set out fully herein.

43. Plaintiff alleges that his wife, Brandy Lee Hardman, was killed as a result of the negligent and/or wanton acts of Defendants Simpson, Southeast Permanente, and/or fictitious parties defendants 1 through 3.

44. Plaintiff avers that Defendant Southeast Permanente was negligent in its supervision

of Defendant Simpson in that Defendant Simpson was allowed to perform DOT physical examinations during and within the line and scope of his agency and/or employment with Southeast Permanente when he was not authorized or qualified to do so.

45. Plaintiff further avers that Defendant Southeast Permanente's supervision of Defendant Simpson proximately cause the death of Brandy Lee Hardman.

46. Plaintiff further avers that the conduct of Defendant Southeast Permanente combined and concurred with the conduct of Defendant Simpson and fictitious parties defendant 1 through 3 to cause the death of Brandy Lee Hardman.

47. WHEREFORE, Plaintiff demands judgment against Defendants Simpson, Southeast Permanente, and/or fictitious parties defendants 1 through 3, in an amount to be determined by the jury that is just, mete and proper.

## AD DAMNUM CLAUSE

48. Plaintiff Donald Dwayne Hardman, as Personal Representative of the Estate of Brandy Lee Hardman, realleges and readopts all of the pertinent allegations contained in the preceding paragraphs.

49. Plaintiff Donald Dwayne Hardman alleges that the conduct of Defendants Simpson, Southeast Permanente, and fictitious parties defendant 1 through 3 combined and concurred to cause and result in fatal injuries to Brandy Lee Hardman. As a proximate consequence of the negligence/wantonness of these Defendants, Brandy Lee Hardman was killed.

50. WHEREFORE, the Plaintiff Donald Dwayne Hardman demands judgment against Defendants Simpson, Southeast Permanente, and/or fictitious parties defendant 1 through 3 in an amount to be determined by the jury that is mete and proper.


DONE this the 12th day of April, 2017.

/s/Randall S. Haynes
RANDALL S. HAYNES (HAY006)

/s/Amanda L. Luker
AMANDA L. LUKER (LUK008)
ATTORNEYS FOR PLAINTIFF

OF COUNSEL:
MORRIS, HAYNES, WHEELES,
KNOWLES & NELSON
Post Office Box 1660
Alexander City, Alabama 35010
Telephone: 256-329-2000
Facsimile: 256-329-2015
Email: rhaynes@mhhlaw.net
Email: aluker@mhhlaw.net

## JURY DEMAND

**PLAINTIFF DEMANDS A STRUCK JURY FOR THE TRIAL OF ALL ISSUES.**

/s/ Randall S. Haynes
Of Counsel

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

The Southeast Permanente Medical Group, Inc.
c/o Corporation Service Company
40 Technology Parkway South
Suite 300, Ben Hill
Norcross, Georgia 30092

Malcolm Simpson, MD
200 Crescent Center Parkway
Tucker, Georgia 30084

/s/ Randall S. Haynes
Of Counsel